IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCHMEIL LUNGER | ) | CASE NO. 5:15CV48 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| ESCALLATE. LLC | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

On July 31, 2015, Defendant Escallate, LLC ("Defendant") filed a Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Doc. 14).  Plaintiff Schmeil Lunger ("Plaintiff" or "Lunger") filed his Opposition to Defendant's Motion on August 31, 2015. (Doc. 15).  Defendant filed its Reply in Support of the Motion for Summary Judgment on September 14, 2015. (Doc. 16).

For the reasons set forth below, the Court recommends that Defendant's Motion be GRANTED.

## I.  FACTS

Defendant is a debt collection agency with an account alleged to be due and owing by Plaintiff.  According to Defendant's business records, the debt was placed with Defendant on May 24, 2013.  These records indicate Defendant sent an initial notice letter to Plaintiff at 14 Elener Lane, Spring Valley, New York (the same address on the initial Complaint filed by Plaintiff) on May 28, 2013, and a second notice letter on June 28, 2013.  No further written

correspondence from Defendant to Plaintiff is indicated in Defendant's records, although a telephone call is reported on July 2, 2013.

Plaintiff asserts he requested validation of the alleged debt from Defendant on July 25, 2013, which Defendant states it had not yet received when it began reporting the account to credit agencies in August of 2013.  No validation was ever provided to Plaintiff by Defendant, and Defendant had not stopped reporting the account to credit agencies as of July 30, 2015. Defendant's records indicate Plaintiff sent two demand letters from attorneys to Defendant, stating Plaintiff had requested validation, which Defendant failed to provide, on April 4, 2014 and September 22, 2014.

Plaintiff filed a Complaint against Defendant in the Small Claims Division of the Canton Municipal Court in Stark County, Ohio, on December 8, 2014.  In the Complaint, Plaintiff alleges claims pursuant to the Fair Debt Collection practices Act, 15 U.S.C. §§ 1692, et seq., as well as violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.  Specifically, Plaintiff alleges Defendant failed to provide validation of the debt in violation of 15 U.S.C. §§ 1692-1692p, and that Defendant wrongfully continues to report the debt to credit agencies.  The Complaint makes a general assertion that Defendant violated the FCRA.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]  Non-moving parties may rest neither upon the mere allegations of their pleadings nor

---

[1] Civil Rule 56 was revised by amendment effective December 2010.  The Committee Note makes it clear that the standard for granting summary judgment remains unchanged.  *See, e.g.*, *Diaz v. Mitchell's Salon and Day Spa, Inc.*, No. 1:09CV882, 2011 WL 379097, at *1 (S.D. Ohio Feb. 2, 2011).  However, the specific language of the Rule has been modified.

upon general allegations that issues of fact may exist.  *See Bryant v. Commonwealth of Ky.*, 490 F.2d 1273, 1275 (6th Cir. 1974).  The Supreme Court held that:

> . . . Rule 56(c)[2] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Rule 56 requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Id*. at 324.

The Sixth Circuit in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), has interpreted *Celotex* and two related cases, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), as establishing a "new era" of favorable regard for summary judgment motions.  *Street* points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *Street*, 886 F.2d at 1479.  This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.  *Id.*

In ruling on a motion for summary judgment, the court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990). However, "Rule 56 does not impose upon the district court a duty to sift through the record in

---

[2] Now Rule 56(a).

3

search of evidence to support a party's opposition to summary judgment. . . . Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916, fn. 7 (5th Cir. 1992)) (alterations in original). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (*quoting Street*, 886 F.2d at 1480). But, "the mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id. (citing Anderson*, 477 U.S. at 252).

The Court recognizes the Plaintiff is proceeding pro se, and thus holds his pleadings to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). Other than that, no special treatment is afforded a litigant who decides to proceed pro se. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

## III. LAW AND ANALYSIS

### A. FDCPA Violations

Section 1692e of the FDCPA generally provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To establish a claim under section 1962e, a plaintiff must establish that (1) he or she is a "consumer" as defined by the act; (2) the debt arose out of a transaction entered into "primarily for personal, family, or household purposes"; (3) the defendant is a "debt collector" as defined by the act; and (4) the defendant violated section 1962e's prohibitions.

4

*Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009).  In the present case, Defendants do not dispute that the first three elements have been met.  At issue is only the fourth element.

The Court must apply the objective "least sophisticated consumer" test to evaluate violations of the FDCPA.  *Turner v. Lerner, Sampson, & Rothfuss*, 776 F. Supp. 2d 498, 505 (N.D. Ohio 2011) (*citing Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 400 (6th Cir. 1998)).  A debt collector's actions do not constitute a violation of the FDCPA unless the "least sophisticated consumer" would be misled.  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012) (*citing Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2009)).

Congress enacted the FDCPA in an effort to eradicate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  The Sixth Circuit has noted that the Act is "extraordinarily broad" and was intended to remedy a "widespread problem."  *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).  With this purpose in mind, the Court will address the claims at issue.

1.  **Whether Plaintiff's FDCPA claims are barred by the statute of limitations**

The Court first addresses Defendant's argument that Plaintiff's claims arising out of communications made by Defendant allegedly in violation of the FDCPA fall outside of the limitations period.  Claims brought under the FDCPA are subject to a one year statute of limitations.  15 U.S.C. § 1692k(d); *Whittiker*, 605 F. Supp. 2d at 944.  "According to the plain language of 1692k(d), the statute of limitations begins to run at the moment the violation occurs, without regard to when the plaintiff gained knowledge of the cause of action." *Whittiker*, 605 F. Supp. 2d at 944.  However, where a debt collector is obligated to validate the debt under §

5

1692(g), the Sixth Circuit has ruled that "the language of § 1692g(b) dictates that each 'failure to cease' collection activity without having validated the debt—like each 'communication' of false credit information under § 1692e(8)—presents a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred." *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 304 (6th Cir. 2008).

Defendant's Motion states it has not attempted to contact Plaintiff after July of 2013. This statement is supported by Defendant's Exhibit A, which includes a sworn statement to this effect by Defendant's President and CEO, Brian Wellock, as well as Defendant's business records reflecting Plaintiff's account notes.  Further, Plaintiff makes no attempt to contradict this assertion.  Accordingly, as Plaintiff did not file his Complaint until December of 2014, Defendant correctly asserts that any claims arising from improper communications with Plaintiff would be time barred.

However, Defendant admits that it began reporting Plaintiff's account to credit bureaus in August of 2013, and continued to do so as of July 30, 2015.  (Defendant's Ex. A).  Assuming reporting a debt to a credit agency is a "collection activity" under the FDCPA, each alleged improper report constitutes a separate claim.  *See Purnell*, 303 Fed. Appx. at 304, fn5 ("We assume without deciding that the reporting of the debt to Equifax constitutes 'collection activity.' See FTC Staff Opinion Letter, 1997 WL 33791232 (F.T.C.) (Dec. 23, 1997) (opining that it is not permissible under the FDCPA for a debt collector to report, or continue to report, a consumer's charged-off debt to a consumer reporting agency after the debt collector has received, but not responded to, a consumer's written dispute during the 30-day validation period under § 1692g.")  Thus, any claim based on Defendant's admitted credit reporting activities that

occurred within the one year period prior to Plaintiff's filing of his Complaint will not be barred by the applicable statute of limitations.

**2. Alleged FDCPA violations**

Plaintiff's Complaint asserts that Defendant failed to provide debt validation verification following his demand for such verification, and that Defendant wrongly continues to report the debt to credit reporting agencies, thereby violating 15 U.S.C §§ 1692-1692p.    Defendant maintains that Plaintiff did not submit a request for validation during the applicable 30-day validation period and that it does not continue any unlawful collection activity under the FDCPA.

The FDCPA requires the debt collector to send a written notice to the consumer relaying specified information, including, but not limited to, (1) a statement that the debt collector will assume the debt is valid unless the consumer disputes the debt within thirty days after the receipt of the notice, (2) a statement that the debt collector will provide verification of the debt to the consumer if the consumer notifies the debt collector in writing that he disputes the debt within the thirty-day period, and (3) a statement that the debt collector will provide the name and address of the original creditor to the consumer if the consumer submits a written request for such information within the thirty day period.  15 U.S.C. § 1692g(a)(1)-(5).  Additionally, the debt collector must cease otherwise lawful debt collection activity on the debt only if the consumer submits written notice of dispute of the debt or a written request for creditor information within the thirty-day period following receipt of the notice.  *Id.*  A strict reading of the statutory language, as well as relevant authority, suggests that a debt collector is not required to cease collection activity or provide validation verification unless the debtor has properly disputed the validity of the debt under 15 U.S.C. § 1692g within the thirty-day period.  *Mahon v. Credit Bureau, Inc., 171 F. 3d 1197, 1203 (9th Cir. 1999)* (finding a request for verification

made after the thirty-day period "did not trigger any obligation on the part of the Credit Bureau to verify the debt."); *Senftle v. Landau*, 390 F. Supp. 2d 463, 475 (D. Md. 2005) (finding plaintiff waived his right to dispute debt where he did not act within the 30-day period provided by § 1692g(a), and thus defendant debt collector had no duty to verify debt under § 1692g(b)); *see Pierson v. Franklin Collection Service, Inc.*, 965 F. Supp. 2d 957,  967-68 (E.D. Tenn. 2013) (holding defendant debt collector did not have to provide verification of the debt as called for by validation notice requirements of § 1692g(4) where plaintiff did not submit a written dispute); *see Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782 (6th Cir. 2014) ("Under 15 U.S.C. § 1692g(b), '[i]f the consumer notifies the debt collector in writing' *within thirty days*…that he disputes any portion of the debt, 'the debt collector shall cease collection of the debt…until the debt collector obtains verification of the debt….'") (emphasis added); *see Sprouse v. City Credits Co.*, 126 F. Supp. 2d 1083, 1088 (S.D. Ohio 2000) (holding requirement that plaintiff serve answer to state court collection action within 28 days did not contradict the 30 day period in which they had to dispute the debt).

      This Court finds Defendant's assertion that it was not required to stop collection efforts on Plaintiff's account because it did not receive a request for validation within the thirty-day statutory period is well-supported. With their Motion, Defendant submits evidence that Plaintiff was sent an initial notice letter on or about May 28, 2013 to the address contained in the caption of Plaintiff's Complaint.  (Defendant's Ex. A).  Also included is the sworn testimony of Defendant's President and CEO that the initial notice letter was sent on or about that date, and was not returned as undeliverable.  (Defendant's Ex. A).  *Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 785 (N.D. Ohio 2006) (finding "Defendants are correct that courts have interpreted the plain language of 15 U.S.C. 1692g(a) to require only that the debt collector send

the notice to the consumer and it does not require that the debt collector ensure that the debtor receive the notice.") (*citing Mahon, 171 F.3d at 1201*).   Further, Plaintiff does not assert or provide any evidence that this letter was not received.  Plaintiff makes no attempt to explain why the May 28th notice would not trigger the thirty-day period within which Plaintiff is required to submit a request for validation, nor does he provide any evidence that he sent a request for validation during this thirty-day period.

Plaintiff contends that a material dispute exists as to whether Defendant received a validation request from Plaintiff.  In his Opposition to Defendant's Motion, Plaintiff claims he requested validation for the debt on July 25, 2013, and that he never received the requested validation.  (Plaintiff's Opp. No. 3-4).  However, even assuming Plaintiff's assertion is true, his request falls well outside the thirty-day period, and Defendant would no longer be obligated to provide such notice under the FDCPA, or cease collection activities on the account.  *Mahon, 171 F. 3d at 1203*; *see, e.g., Haddad, 758 F.3d at 782*.

Further, even if there was a question as to whether Defendants received a validation request from Plaintiff in a timely manner, Plaintiff bears the burden to show that there is a genuine issue of material fact regarding whether the request was received.  Both parties have had sufficient time for discovery, and there is no record of any discovery issues or disputes. Defendant's point to its business records of Plaintiff's account at issue, which does not indicate receipt of a validation request on or around the time period Plaintiff alleges to have sent it. (Defendant's Ex. A). In response, Plaintiff provides the statement that he "[has] evidence that the validation was received," without providing any supporting evidence to that effect.  This assertion, without any supporting evidence, prompts nothing more than speculation as to the

9

existence of a material issue, and therefore does not constitute sufficient evidence to carry Plaintiffs' burden under Rule 56.

### B.  FCRA Violations

Defendant's argument that Plaintiff's Complaint does not adequately set out a claim under the Fair Credit Reporting Act is well-taken.  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (*citing Lewis v. Philip Morris, Inc., 355 F.3d 515, 533 (6th Cir. 2004)* and *Doren v. Battle Creek Health System*, 187 F.3d 595, 598-99 (6th Cir. 1999)).  Plaintiff's Complaint lacks any factual allegations or reference to any statutory provision allegedly violated by any act or omission on the part of Defendant, in violation of the FCRA.  Indeed, the only reference to the FCRA in the Complaint is a conclusory statement that "Defendant has therefore violated the FDCPA, FCRA." (Plaintiff's Complaint, para. 7).  Further, Plaintiff fails to point to anything regarding the FCRA in his Opposition to Defendant's Motion.  Accordingly, this Court agrees with Defendant that Plaintiff's unsupported and conclusory assertion, without more, is insufficient to sustain a claim against Defendant for violation of the FCRA.

### IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion for Summary Judgment (Doc. 14) be **GRANTED.**

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: December 15, 2015

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474

U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).